Dear Ms. Solari:
This office is in receipt of your opinion request, in which you raise several issues regarding the Starks Volunteer EMS Association, Inc., an organization comprised of local citizens that responds to emergency situations in order to stabilize victims prior to the arrival of an ambulance. Specifically, you ask the following questions:
 (1) Does the Starks Volunteer EMS Association, Inc. ("Association") qualify as a "public service corporation" as defined in LSA-R.S. 32:1(1)?
 (2) If the answer to the first question is yes, who may designate or authorize the corporation to operate red warning lights?
 (3) Does the Sheriff of Calcasieu Parish have the authority to designate an emergency vehicle of a public service corporation as an authorized emergency vehicle under LSA-R.S. 32:1(1)?
 (4) Is your response to question #3 dependent on whether there is a Chief of Police or comparable official for the Town of Starks?
LSA-R.S. 32:1, in applicable part, states:
 When used in this Chapter, the following words and phrases have the meaning ascribed to them in this section, unless the context clearly indicates a different meaning:
 (1) "Authorized emergency vehicle" means vehicles of the department's weights and standards police force, police vehicles, privately owned vehicles belonging to members of an organized fire department or fire district, when so designated or authorized by the fire chief of that fire department or fire district, vehicles parked or stopped by elevator repair or construction personnel while responding to an elevator emergency, and such emergency vehicles of municipal departments or public service corporations as are designated or authorized by the secretary of the Department of Transportation and Development or by the chief of police of any incorporated municipality. . . . (Emphasis added)."
The first issue presented in your request asks whether the Association is a "public service corporation" within the meaning of LSA-R.S. 32:1(1). To be a valid corporation under this provision, the Association must be "designated or authorized" as a public service corporation by either the secretary of the Department of Transportation and Development (DOTD) or the chief of police of the incorporated municipality in which the Association is situated.
Information provided this office reflects that the DOTD's Corporations Section has recognized the Association as a public service corporation, with its registered agent named as Eugene Trahan. We conclude then, that the Starks Volunteer EMS Association does qualify as a "public service corporation" for the purpose of LSA-R.S. 32:1(1).
In response to your second question, the Association is empowered by law to operate red warning lights once the vehicle has been designated as an emergency vehicle either by the Department of Transportation and Development, or the chief of police of an incorporated municipality as the case may be. See LSA-R.S.32:1(1), quoted above. Further note that LSA-R.S. 32:318(C) requires each vehicle to be equipped with such emergency apparatus, and in applicable part, states:
 "Every authorized emergency vehicle shall . . . . . . be equipped with signal lamps mounted as high and as widely spaced laterally as practicable, which shall be capable of displaying to the front two alternately flashing red lights located at the same level, and these lights shall have sufficient intensity to be visible at five hundred feet in normal sunlight. . . . . . ."
In response to your third question, note that LSA-R.S. 32:1(1) authorizes only the secretary of the DOTD or the chief of police of any incorporated municipality to designate or authorize a public service corporation in these matters. The Office of Sheriff of Calcasieu Parish does not fall within the scope of this provision, and for that reason, we conclude that the Sheriff is without authority to designate a public service corporation under LSA-R.S. 32:1.
In response to your fourth and final question, note that the Town of Starks is an unincorporated municipality and has no chief of police. Therefore, under LSA-R.S. 32:1, only the DOTD has exclusive authority to designate the Association as a public service corporation.
We hope the foregoing is sufficiently responsive to your questions. Should you have any further inquiries, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Ms. Elaine Solari Assistant District Attorney Misdemeanor Section P.O. Box 3206 Lake Charles, LA 70602
DATE RECEIVED:
DATE RELEASED:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL